See also, 521 F.3d 1114.

Fidel Serrano GUTIERREZ; Martha Cervantes; Alma Janeth Serrano Cervantes, Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

Fidel Serrano Gutierrez; Martha Cervantes; Alma Janeth Serrano Cervantes, Petitioners,

v.

Michael B. Mukasey, Attorney General, Respondent.

Nos. 04–75650, 06–70551.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 4, 2008.

Filed April 2, 2008.

Carlos A. Cruz, Esq., Law Offices of Carlos A. Cruz, Alhambra, CA, for Petitioners.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Kurt B. Larson, Stacy S. Paddack, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WALLACE, GOULD, and IKUTA, Circuit Judges.

## MEMORANDUM *

Martha Cervantes Serrano ("Cervantes") and her daughter Alma Serrano–Cervantes ("Alma") petition for review of a final order issued by the Board of Immigration Appeals ("BIA"), summarily affirming the Immigration Judge's ("IJ") denial of their applications for cancellation of removal.[1] They also petition for review of the BIA's denial of their motion to reopen. To the extent that it exists, we have jurisdiction pursuant to 8 U.S.C. § 1252.[2] We must accord *Chevron* deference to the BIA's statutory interpretations of the Immigration and Naturalization Act ("INA"). *INS v. Aguirre–Aguirre,* 526 U.S. 415, 424, 119 S.Ct. 1439, 143 L.Ed.2d 590 (1999) (citing *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)).

Under INA section 240A(b)(1) the Attorney General may cancel removal of an alien deportable from the United States if the alien: "(A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application; (B) has been a person of good moral character during such period; (C) has not been convicted of an offense under [section 212(a)(2), 237(a)(2), or 237(a)(3) ] . . .; and (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1).

■ Because the BIA summarily affirmed the IJ's decision in petitioners' original proceedings, we review the IJ's decision as the final agency action. *See*

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Lead petitioner Fidel Serrano Gutierrez's petition for review of the BIA decision is the subject of a separate, published opinion filed contemporaneously with this disposition.

2. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

*Falcon Carriche v. Ashcroft,* 350 F.3d 845, 848–49 (9th Cir.2003). We have no jurisdiction to decide Cervantes's appeal of the IJ's original hardship determination. Under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), we lack jurisdiction to review any discretionary judgment regarding certain components of the granting of relief for cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B). "[A]n 'exceptional and extremely unusual hardship' determination is a subjective, discretionary judgment that has been carved out of our appellate jurisdiction." *Romero–Torres v. Ashcroft,* 327 F.3d 887, 888 (9th Cir.2003). Accordingly, we may not review the IJ's original hardship determination.

■ We also may not review petitioners' first ineffective assistance of counsel claim. "Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter." *Vargas v. INS,* 831 F.2d 906, 907–908 (9th Cir.1987). Petitioners did not raise their claim before the BIA, nor did they comply with the requirements for raising such a claim. *See Matter of Lozada,* 19 I & N Dec. 637 (BIA 1988) (setting forth procedural requirements for ineffective assistance claims). Because they failed to raise their first ineffective assistance of counsel claim to the BIA, petitioners are foreclosed from arguing it here. This court does not have jurisdiction to resolve petitioners' first ineffective assistance claim.

■ However, we retain jurisdiction to review nondiscretionary cancellation of removal decisions such as those concerning whether one has a qualifying relative,

*Falcon Carriche,* 350 F.3d at 853, so we may consider whether the IJ appropriately denied Alma's application for cancellation of removal based on the qualifying relative prong. To have a qualifying relative, an applicant must have a "spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(D). The IJ correctly determined that Alma had no qualifying relative, given that she had no spouse or children, and neither of her parents are United States citizens or aliens lawfully admitted for permanent residence.

■ We also may consider the BIA's denial of petitioners' motion to reopen.[3] Where "an independent claim such as ineffective assistance of counsel is at issue, we have jurisdiction to determine whether a petitioner was prejudiced, an assessment that can depend in cancellation of removal cases on hardship evaluations." *Fernandez v. Gonzales,* 439 F.3d 592, 602 (9th Cir.2006). Because petitioners' motion to reopen presents an independent ineffective assistance of counsel claim based on their previous counsel's failure to file a timely motion to reopen, we have jurisdiction to determine whether petitioners were prejudiced by that failure. We review for an abuse of discretion, *see Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002), and must uphold the BIA's denial of petitioners' motion to reopen "unless it is arbitrary, irrational, or contrary to law." *Ahwazi v. INS,* 751 F.2d 1120, 1122 (9th Cir.1985).

The BIA did not abuse its discretion in determining that petitioners failed to demonstrate prejudice from their prior coun-

---

**3.** Cervantes is the only one of the petitioners who might benefit from the motion to reopen on the hardship determination, given that the

applications of Alma, as discussed herein, and Serrano, as discussed in the separate, published opinion, fail on independent bases.

sel's ineffective assistance.[4] To succeed on their ineffective assistance of counsel claim, petitioners must show "that the alleged violation"—here, their previous counsel's failure to file a timely motion to reopen—"affected the outcome of the proceedings," *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000); *i.e.*, they must demonstrate that a timely filing would have been successful.

When timely filing a motion for reopening, a movant "must support the motion with new evidence," and must "establish a prima facie case for relief. . . ." *Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir.2003). Reopening of proceedings is appropriate "where the new facts alleged, when coupled with the facts already of record, satisfy us that it would be worthwhile to develop the issues further at a plenary hearing on reopening." *Id.* (internal quotation marks omitted). "The BIA abuses its discretion [in denying a motion to reopen] when it fails to offer a reasoned explanation for its decision, distorts or disregards important aspects of the alien's claim." *Konstantinova v. INS*, 195 F.3d 528, 529 (9th Cir.1999).

Here, the BIA gave a reasoned explanation for its decision and adequately considered petitioners' claim. Although it did not specifically address each proffered piece of evidence in support of petitioners' hardship claim, the BIA's decision reflected a consideration of the evidence and did not contest the seriousness of the son's skin condition. To succeed in their motion, petitioners needed to demonstrate a prima facie case that removal would result in extremely unusual hardship to their son. However, petitioners presented no evidence that treatment for vitiligo was unavailable in Mexico, and thus no evidence that removal would cause the requisite hardship to the son.

Moreover, it is irrelevant that the BIA failed to consider the unavailability of vitiligo treatment in Mexico to petitioners specifically in light of their particular economic circumstances. "Because [a] movant must only make a prima facie showing, the BIA is required to accept the facts stated in the alien's affidavit unless they are inherently unbelievable." *Ordonez*, 345 F.3d at 786. However, petitioners never articulated this argument in their motion to reopen, so the argument was not a part of the evidence before the BIA.

Because petitioners did not show that, absent their attorney's error, they would have been able to establish a prima facie case that the son would suffer extremely unusual hardship warranting further consideration of their application, we conclude that there was no abuse of discretion.

**PETITION FOR REVIEW DENIED.**

---

4. The BIA properly determined that equitable tolling excused petitioners' untimely filing of their motion to reopen, in light of their prior counsel's statements that petitioners' only option was to appeal to our circuit. *See Socop– Gonzalez v. INS*, 272 F.3d 1176, 1184–1185 (9th Cir.2001) (holding that one need only show that reasonable diligence would not have led to the discovery of essential information bearing on the claim).